The opinion of the court was delivered by
White, J.
George Carroll was indicted, along with Melford Short and Peter Daggs, for the murder of his wife, Sarah Carroll. Melford Short applied for and obtained a severance, and a nolle prosequi was entered as to Daggs. Carroll was tried and found guilty, and sentenced to suffer the death penalty; he appeals.
The record contains an assignment of several grounds of error, as, also, several bills of exception. We will notice only one of the latter, as the opinion we have formed on it is conclusive.
The State offered the witness, Peter Daggs, in the language of the bill of exceptions, “to prove conversations with Melford Short, and, also, the whereabouts of Melford Short, both after the alleged killing of deceased ; which offering was objected to by counsel for the accused, upon the grounds that Melford Short being an accomplice and jointly indicted, and no conspiracy having been alleged in the indictment, the declaration of said Short made to witness, Daggs, can not be used as evidence against the accused, which objection the court overruled, and permitted the witness to testify.” It is too elementary to require reasoning, that if the indictment did not charge a conspiracy the conversations were not admissible.
It is equally clear that if the conspiracy was charged the declarations of one of the co-conspirators after the accomplishment of the crime for which the conspiracy was formed ought not to have been received as evidence. State vs. Butler Jackson, 29 A. 354.
It is urged on behalf of the State that the materiality of the admitted conversations is not shown by the bill of exceptions. Our jurisdiction extending only to the law; and the bill, as signed by the court, giving no indication of what the conversations were, we can not presume that irrelevant testimony was illegally allowed to go to the jury despite the prisoner’s objections. We can not express an opinion as to the weight or nature of testimony not before us, and not, if it were, within the range of our judicial vision, which is limited by the Constitution.
The verdict and sentence are avoided and reversed, and the case remanded for a new trial.